**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| OCTAVIO GARFIAS, on behalf of himself and similarly situated persons, ) ) ) | |
| Plaintiff, ) | Case No. |
| ) | |
| v. ) | Judge |
| ) | |
| MARTINO'S ITALIAN CUISINE & PIZZERIA, INC., ROSARIA BATTAGLIA, individually, and TONY BATTAGLIA, individually, ) ) ) ) ) | Magistrate Judge |
| Defendants. ) | |

**COMPLAINT**

Plaintiff Octavio Garfias, by and through his attorneys, for his Complaint against Defendants Martino's Italian Cuisine & Pizzeria, Inc., Rosaria Battaglia, individually, and Tony Battaglia, individually (collectively "Defendants"), states as follows:

**INTRODUCTION**

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), and the Chicago Minimum Wage Ordinance, Chicago, Ill., Code § 1-24-010 *et seq.* ("Chicago MW"), for Defendants' failure to: 1) pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in individual workweeks in violation of the FLSA. the IMWL, and the Chicago MW, and 2) pay Plaintiff the Chicago-mandated minimum wages for all time worked in violation of the Chicago MW. For the overtime wage claim arising under the FLSA, Plaintiff brings this suit as a collective action pursuant to Section 216(b) of the FLSA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331, arising under 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over Plaintiff's state and municipal law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this judicial district because Defendants' place of business is located within this judicial district and the events giving rise to Plaintiff's claims occurred in this judicial district.

## THE PARTIES

A. **Plaintiff**

    4. During the course of his employment, Plaintiff Octavio Garfias:

        a. has handled goods that move in interstate commerce;

        b. was employed by Defendants as an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e)(1), the IMWL, 820 ILCS 105/3, and the Chicago MW, Chicago, Ill., Code § 1-24-010; and

        c. resides in and is domiciled in this judicial district.

B. **Defendants**

    5. Within the relevant time period, Defendants have done business as Martino's Italian Cuisine & Pizzeria within this judicial district.

    6. Within the relevant time period, Defendant Martino's Italian Cuisine & Pizzeria, Inc.:

        a. has been a corporation organized under the laws of the State of Illinois;

        b. has conducted business in Illinois and within this judicial district;

    c.    has done business as Martino's Italian Cuisine & Pizzeria within this judicial district;

    d.    has been an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of Section 3(s)(1)(A) of the FLSA;

    e.    has had two (2) or more employees who have handled goods that moved in interstate commerce; and

    f.    was Plaintiff's "employer" as defined by the FLSA, 29 U.S.C. § 203(d), the IMWL, 820 ILCS 105/3(c), and the Chicago MW, Chicago, Ill., Code § 1-24-010.

7. Within the relevant time period, Defendant Rosaria Battaglia:

    a.    has been the owner and operator of Defendant Martino's Italian Cuisine & Pizzeria, Inc;

    b.    among other things, has had the authority to hire and fire, to direct and supervise the work of Plaintiff and other similarly situated employees, to authorize payment of wages to Plaintiff and other similarly situated employees, to sign on the company's checking accounts, including any payroll accounts, and to participate in any decisions regarding the operation of the business and employment policies and practices;

    c.    operates within this judicial district and within the state of Illinois; and

3

      d.      was Plaintiff's "employer" as defined by the as defined by the FLSA, 29 U.S.C. § 203(d), the IMWL, 820 ILCS 105/3(c), and the Chicago MW, Chicago, Ill., Code § 1-24-010.

8. Within the relevant time period, Defendant Tony Battaglia:

      a.      has been an operator of Defendant Martino's Italian Cuisine & Pizzeria, Inc;

      b.      among other things, has had the authority to hire and fire, to direct and supervise the work of Plaintiff and other similarly situated employees, to authorize payment of wages to Plaintiff and other similarly situated employees, to sign on the company's checking accounts, including any payroll accounts, and to participate in any decisions regarding the operation of the business and employment policies and practices;

      c.      operates within this judicial district and within the state of Illinois; and

      d.      was Plaintiff's "employer" as defined by the as defined by the FLSA, 29 U.S.C. § 203(d), the IMWL, 820 ILCS 105/3(c), and the Chicago MW, Chicago, Ill., Code § 1-24-010.

## FACTUAL BACKGROUND

9. Defendants own and operate their restaurant, Martino's Italian Cuisine & Pizzeria, located at 3431 W. Peterson Avenue in Chicago, Illinois.

10. Since approximately June 2013 through approximately August 2, 2017, Plaintiff was employed by Defendants to work as a dishwasher and cleaner at Defendants' restaurant.

11. Within the three (3) years prior to Plaintiff filing this Complaint, Defendants regularly and customarily required Plaintiff to work in excess of forty (40) hours in individual

work weeks, but did not compensate him at one and a half times his regular rate of pay for time worked in excess of forty (40) hours in individual work weeks.

12. Within the three (3) years prior to Plaintiff filing this complaint, Defendants have likewise directed other similarly situated employees to work in excess of forty (40) hours in individual work weeks, but failed to compensate them at time and a half their regular rate of pay for all time worked in excess of forty (40) hours in those work weeks.

13. Defendants instead paid Plaintiff and other similarly situated employees at straight time for all time worked.

14. Defendants' practice resulted in a failure to compensate Plaintiff and other similarly situated employees at time and a half their regular rate, which resulted in violations of the overtime requirements of the FLSA, the IMWL, and the Chicago MW.

15. During the relevant time period, Plaintiff was paid at an agreed-upon hourly rate in cash on a weekly basis.

16. On July 1, 2016, the minimum wage rate in the City of Chicago increased to $10.50 an hour per the Chicago Minimum Wage Ordinance.

17. From July 1, 2016 until approximately October 1, 2016, Plaintiff's hourly rate fell below the Chicago-mandated minimum wage rate, resulting in a violation of the minimum wage requirements of the Chicago MW.

18. On July 1, 2017, the minimum wage rate in the City of Chicago increased to $11 an hour per the Chicago Minimum Wage Ordinance.

19. From July 1, 2017 until approximately August 2, 2017, Plaintiff's hourly rate fell below the Chicago-mandated minimum wage rate, resulting in a violation of the minimum wage requirements of the Chicago MW.

**COUNT I**
**Violation of the FLSA – Overtime Wages**
**Plaintiff on behalf of himself and other similarly situated employees**
*Section 216(b) Collective Action*

Plaintiff hereby incorporates and re-alleges Paragraphs 1 through 19 as though set forth herein.

20. This Count arises from Defendants' violation of the FLSA for Defendants' failure to pay Plaintiff and similarly situated employees one and a half times his regular rate of pay for all time worked in excess of forty (40) hours in individual work weeks, described more fully in paragraphs 10-14, *supra*.

21. Defendants directed Plaintiff to work, and Plaintiff, in fact, did work in excess of forty (40) hours in individual work weeks in the three (3) years prior to Plaintiff filing this lawsuit.

22. Other similarly situated employees were likewise directed to work by Defendants and, in fact, did work in excess of forty (40) hours in individual work weeks in the three (3) years prior to Plaintiff filing this lawsuit.

23. Plaintiff and other similarly situated employees were not exempt from the overtime provisions of the FLSA.

24. Plaintiff and other similarly situated employees were entitled to be paid overtime wages at the premium rate of one and a half times their regular hourly rate for all time worked in excess of forty (40) hours in individual work weeks.

25. Defendants did not pay Plaintiff and other similarly situated employees overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

26. Defendants' failure to pay Plaintiff and other similarly situated employees their overtime wages for all time worked in excess of forty (40) hours in individual work weeks was a violation of the FLSA.

27. Plaintiff and other similarly situated employees are entitled to recover unpaid overtime wages for up to three (3) years prior to the filing of this lawsuit because Defendants' failure to pay overtime wages for hours worked in excess of forty (40) hours per work week was a willful violation of the FLSA.

WHEREFORE, Plaintiff and the Collective pray for a judgment against Defendants as follows:

    A.    That the Court determine that this action may be maintained as a collective action pursuant to Section 216(b) of the FLSA. Plaintiff's consent to represent is attached hereto as Exhibit A.

    B.    A judgment in the amount of unpaid overtime wages for all time Plaintiff and other similarly situated employees worked in excess of forty (40) hours in individual work weeks;

    C.    Liquidated damages in the amount equal to the unpaid overtime wages;

    D.    That the Court declare that Defendants violated the FLSA;

    E.    That the Court enjoin Defendants from violating the FLSA;

    F.    Reasonable attorneys' fees and costs of this action as provided by the FLSA; and

    G.    Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the IMWL – Overtime Wages

Plaintiff hereby incorporates and re-alleges paragraphs 1 through 27 as though set forth herein.

28. This Count arises from Defendants' violation of the IMWL for Defendants' failure to pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in individual work weeks, as described more fully in paragraphs 10-14, *supra*.

29. Defendants directed Plaintiff to work, and Plaintiff, in fact, did work in excess of forty (40) hours in individual work weeks in the three (3) years prior to Plaintiff filing this lawsuit.

30. Plaintiff was not exempt from the overtime provisions of the IMWL.

31. Plaintiff was entitled to be paid overtime wages at the premium rate of one and a half times his regular hourly rate for all time worked in excess of forty (40) hours in individual work weeks.

32. Defendants did not pay Plaintiff overtime wages at the premium rate of one and a half times his regular hourly rate for all time worked in excess of forty (40) hours in individual work weeks.

33. Defendants' failure to pay Plaintiff overtime wages for all hours worked in excess of forty (40) hours in individual work weeks was a violation of the IMWL.

34. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid overtime wages for three (3) years prior to the filing of this lawsuit up until the entry of judgment on this case.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of unpaid overtime wages for all time worked by Plaintiff in excess of forty (40) hours in individual work weeks as provided by the IMWL;

B. Statutory damages for Plaintiff pursuant to the formula set forth in 820 ILCS 105/12(a);

C. That the Court declare that Defendants violated the IMWL;

D. That the Court enjoin Defendants from violating the IMWL;

E. Reasonable attorneys' fees and costs as provided by the IMWL, 820 ILCS 105/1 *et seq.*; and

F. Such other and further relief as this Court deems appropriate and just.

## COUNT III
## Violation of the Chicago MW - Minimum Wages

Plaintiff hereby incorporates and re-alleges paragraphs 1 through 34 as though set forth herein.

35. This Count arises from Defendants' violation of the Chicago MW for Defendants' failure to pay Plaintiff the minimum City of Chicago-mandated rate of pay for all time worked in individual work weeks, described more fully in paragraphs 15-19, *supra*.

36. Plaintiff was directed to work and, in fact, did work, but was not compensated at least the City of Chicago-mandated minimum wage rate for all time worked.

37. Plaintiff was entitled to be compensated at the City of Chicago-mandated minimum wage rate pursuant to the Chicago MW.

38. Defendants violated the Chicago MW by failing to compensate Plaintiff the City of Chicago-mandated minimum wage rate for all time worked.

39. Pursuant to Chicago, Ill., Code § 1-24-110, Plaintiff is entitled to recover three times (3x) the amount of unpaid minimum wages for three (3) years prior to the filing of this lawsuit.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of three times (3x) the difference between the City of Chicago-mandated minimum wage rate and the hourly wage paid to Plaintiff;

B. That the Court declare that Defendants violated the Chicago MW;

C. That the Court enjoin Defendants from violating the Chicago MW;

D. Reasonable attorneys' fees and costs of this action as provided by the Chicago MW, Chicago, Ill., Code § 1-24-110; and

E. Such other and further relief as this Court deems appropriate and just.

Dated: October 23, 2017 	Respectfully submitted,

	s/Javier Castro
	Javier Castro
	Lydia Colunga-Merchant
	Raise the Floor Alliance – Legal Dept.
	1 N. LaSalle, Suite 1275
	Chicago, Illinois 60602
	(312) 795-9115

	*Plaintiff's Attorneys*